Case 2:21-cv-00138   Document 8   Filed on 07/26/21 in TXSD   Page 1 of 7
United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUIRINO TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00138 |
| | § | |
| MASON JOHNSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS CASE

Plaintiff Quirino Torres, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned respectfully recommends that Plaintiff's claims against Defendants be **DISMISSED with prejudice** as malicious and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

### I.    JURISDICTION

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

1 / 7

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is presently confined at the Bee County Jail in Beeville, Texas. The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with his confinement at the Bee County Jail in 2017. Plaintiff sues the following defendants in his original complaint: (1) Jailer Mason Johnson; (3) Jail Administrator Michael Page; (3) Sheriff Aldene Southmayd, III; and (4) the Bee County Commissioners.

Plaintiff alleges that, in November 2017, Jailer Jonson brought an unknown chemical into the jail pod where Plaintiff was located and stored it in a water bottle. Because the water bottle was unlabeled, Plaintiff mistakenly drank from the water bottle containing the unknown chemical. A few days later, Plaintiff began to cough and spit up blood. Plaintiff continues to suffer symptoms due to ingesting the unknown chemical. Plaintiff generally claims that Defendants acted with deliberate indifference to his health and safety. Plaintiff seeks monetary relief.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*. "Where the claims presented in a case are duplicative of claims already asserted and dismissed in [a] previous case[,] such claims must be dismissed as malicious

or, alternatively, because they are also barred by the doctrine of *res judicata*, … for failure to state a claim." *Dixon v. Zeem*, No. 3:16-cv-1048, 2016 WL 2931668, at *2 (N.D. Tex. Apr. 26, 2016) (internal quotations and citations omitted).

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

**IV.   DISCUSSION**

The undersigned will consider whether Plaintiff's claims are barred under the doctrines of res judicata and/or collateral estoppel. The doctrine of "res judicata," or claim preclusion, prevents a litigant from bringing a claim that previously has been adjudicated when four requirements are satisfied: (1) the parties in the later case are identical to, or in privity with, the parties of the prior case; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior case concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. *See United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007). When two cases "are based on the same nucleus of operative facts," the preclusive effect of a prior final judgment on the merits

bars a party from bringing a new suit raising the same claim. *Id.* at 326.

The doctrine of "collateral estoppel," or issue preclusion, bars the relitigation of "issues actually litigated and necessary to the outcome of the first action." *Id.* (internal citation and quotation marks omitted). Strict mutuality of parties is not required for collateral estoppel. *McCoy v. Hernandez*, 203 F.3d 371, 374 (5th Cir. 2000). Although generally *res judicata* and/or collateral estoppel are affirmative defenses, a court may dismiss *sua sponte* when the two lawsuits were brought before the same court, or when all relevant facts in the record are uncontroverted. *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (citing *Mowbray v. Cameron Cty.*, 274 F.3d 269, 281 (5th Cir. 2001); *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)).

Plaintiff brought the same claims in a previous civil rights action filed in this Court, *Torres v. Bee County Jail, et al.*, 2:19-cv-278 (S.D. Tex. 2019) ("*Torres I*")). In *Torres I*, Plaintiff sued Defendants Johnson, Southmayd, and Pace as well as the Bee County Jail. Plaintiff claimed that Defendants acted with deliberate indifference to his health with regard to bringing into the jail an unknown chemical, which led to Plaintiff ingesting the chemical in November 2017. (*Torres I*, D.E. 1). Plaintiff sued Defendants Southmayd and Pace in their supervisory capacities.

On December 30, 2019, Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R) in *Torres I*, recommending that Plaintiff's claims against the defendants named therein be dismissed for failure to state a claim and/or

as frivolous. (*Torres I*, D.E. 10). District Judge Nelva Gonzales Ramos subsequently adopted the M&R and dismissed Plaintiff's claims against the defendants. (*Id.*, D.E. 13).

The elements for *res judicata* and collateral estoppel are satisfied in this case with respect to Defendants. Plaintiff raises the same claims against Defendants Johnson, Southmayd, and Page in both actions, and a final judgment was entered against them in *Torres I* by a court of competent jurisdiction. Plaintiff's claims against Defendants Johnson, Southmayd, and Page, therefore, are barred by *res judicata* from consideration in this case. While the Bee County Commissioners were not named as defendants in *Torres I*, the undersigned finds that Plaintiff's claims against them are collaterally estopped from consideration in this action.

Plaintiff's claims in this action are essentially duplicative of his claims raised in *Torres I*. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants be dismissed with prejudice as malicious and/or for failure to state a claim for relief. *See Dixon*, 2016 WL 2931668, at *2.

## V. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), Plaintiff's claims against Defendants be dismissed as malicious and/or for failure to state a claim. It is respectfully recommended further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court forward a copy of this Memorandum and Recommendation to the Manager of the Three Strikes List for the Southern District of

Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on July 26, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs*. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).