Case 2:21-cv-00138   Document 15   Filed on 10/29/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUIRINO TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-138 |
| | § | |
| MASON JOHNSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION TO DISMISS CASE

Pending before the Court are Magistrate Judge Julie K. Hampton's Memorandum and Recommendation (M&R) and Petitioner Torres's objections. D.E. 8; D.E. 11. The M&R recommends that the Court dismiss with prejudice Torres's claims "as malicious and/or for failure to state a claim." D.E. 8, pp. 1, 6 (citing 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1)). The M&R further recommends that the dismissal count as a "strike." D.E. 8, pp. 1, 6 (citing 28 U.S.C. §§ 1915(g)).

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of the Magistrate Judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

1

## DISCUSSION

### I. Preclusion Doctrines

The M&R recommends dismissing Torres's present action based on preclusion doctrines (res judicata and collateral estoppel). D.E. 8, p. 6. The M&R describes how the present action is essentially duplicative of Torres's 2019 action, which this Court dismissed with prejudice. *Torres v. Bee Cnty. Jail* (*Torres I*), No. 2:19-CV-278, 2019 WL 7833969 (S.D. Tex. Dec. 30, 2019), *R. & R. adopted*, No. 2:19-CV-278, 2020 WL 533119 (S.D. Tex. Feb. 3, 2020). In his objection to the M&R, Torres first asserts that new "actual and factual evidence" should prevent the Court from dismissing his case. D.E. 11.

**Claim Preclusion (Res Judicata).** Claim preclusion "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.*, No. 4:13-cv-430, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)). A petitioner cannot "merely assert a new fact to sidestep the res judicata roadblock." *Phalanx Grp. Int'l v. Critical Sols. Int'l*, No. 3:19-cv-3002, 2020 WL 2114818, at *8 (N.D. Tex. May 4, 2020) (citations and punctuation omitted); *see also Cervantes v. Ocwen Loan Servicing*, No. 5:19-cv-7, 2019 WL 6003129, at *5 (S.D. Tex. Aug. 28, 2019) ("Simply alleging additional facts . . . does not survive the defense of res judicata.").

"In order for new facts to constitute a new cause of action and thus allow a claim to be relitigated, those facts must be both significant and create new legal conditions." *Wilson v. Lynaugh*, 878 F.2d 846, 851 (5th Cir. 1989). "If simply submitting new evidence

rendered a prior decision factually distinct, res judicata would cease to exist, and the application process would continue ad infinitum." *Torres v. Shalala*, 48 F.3d 887, 894 (5th Cir. 1995). As the Fifth Circuit has stated, "Plaintiffs are not given a second chance to prove their claims; they must do it right the first time." *Cervantes*, 749 F. App'x at 245.

**Issue Preclusion (Collateral Estoppel).** Similarly, issue preclusion promotes the interests of judicial economy by preventing a party from relitigating a particular fact issue the party has already litigated and lost in an earlier suit. *San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 336 (2005). Moreover, the Fifth Circuit has also explained that "under federal principles a party who has had a full and fair opportunity to litigate an issue decided in a prior suit may be precluded from relitigating that issue in a subsequent action, even though the subsequent adversary was not a party to the prior litigation." *Johnson v. United States*, 576 F.2d 606, 614 (5th Cir. 1978). Like claim preclusion, issue preclusion cannot "be defeated by seeking rescue from a mistaken trial strategy, by undertaking an improved evidentiary presentation, or by arguing that the first court should not have decided the issue on motion to dismiss." Wright & Miller, Issue Preclusion—Actual Litigation, 18 Fed. Prac. & Proc. § 4419 (3d ed. 2021).

**Application.** The M&R sufficiently explains how Torres's claims satisfy the elements for claim and issue preclusion. D.E. 8, pp. 4–6. Although Torres lists as new evidence a nurse practitioner's statement regarding his illness and a guard's willingness to testify, the Court finds the proposed testimony cumulative of evidence presented in *Torres I*. 2019 WL 7833969, at *3–4. Torres does not present a significant change in fact or law supporting a new cause of action to be litigated. D.E. 11; *see also Wilson*, 878 F.2d at 851.

The M&R correctly concluded that the present action is essentially duplicative of *Torres I* and is barred under preclusion doctrines. D.E. 8, p. 6. Torres has failed to show that the M&R's analysis is erroneous, and his objection is **OVERRULED**. Therefore, as the M&R recommends, the Court **DISMISSES WITH PREJUDICE** Torres's *in forma pauperis* (IFP) complaint for failure to state a claim for relief. D.E. 8, p. 1 (citing 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1)).

## II.   Strike Based on Reason for Dismissal

Torres objects to the Court applying a strike because "Bee County does and will not afford the legal material for [him] to have known a possible strike could incur." D.E. 11. But Torres's ignorance of this filing's consequences does not relieve him of those consequences. *See Lomax v. Ortiz–Marquez*, 140 S. Ct. 1721, 1726 (2020).

Congress enacted the Prisoner Litigation Reform Act (PLRA) to deter a perceived "flood of nonmeritorious claims" filed by prisoners. *Jones v. Bock*, 549 U.S. 199, 203 (2007). The statute was therefore designed "to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S. Ct. at 1726. To limit nonmeritorious filings, Congress amended the statute to include the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The text of the statute is plain and focuses only on the grounds for dismissal. *See Lomax*, 140 S. Ct. at 1726.

4

The dismissal in this case counts as a strike because the Court dismisses the case for failure to state a claim for relief. Torres has supplied no reason that this assessment of his claim is incorrect. His objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Torres's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Torres's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Clerk of Court forward a copy of this Order and the underlying M&R to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 29th day of October, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE